IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOGAN M. DRUMM, #2032303, § <br> PETITIONER, § <br> § <br> v. § <br> § <br> LORIE DAVIS, DIRECTOR, § <br> TEXAS DEPARTMENT OF CRIMINAL JUSTICE, § <br> CORRECTIONAL INSTITUTIONS DIV., § <br> RESPONDENT. § | CASE NO. 3:17-CV-2712-B-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for a recommended disposition. Upon review of the relevant pleadings and applicable law, the habeas corpus petition should be **DENIED**.

## I.   BACKGROUND

Petitioner Logan M. Drumm pleaded guilty to possession of a firearm by a felon, aggravated assault with a deadly weapon, and manslaughter, and was sentenced to 30 years' imprisonment. Doc. 24-1 at 112; Doc. 24-26 at 114, Doc. 24-38 at 120. Drumm did not file a direct appeal. *See* Doc. 8 at 3. On August 23, 2017, the Texas Court of Criminal Appeals (TCCA) denied state habeas relief on the findings of the trial court, without a hearing or written order. *Ex Parte Drumm*, No. WR-86,840-01, Doc. 24-3; No. 86, 840-02, Doc. 24-15; No. 86, 840-03, Doc. 24-27.

Drumm filed the Section 2254 petition in this case on November 15, 2017, alleging that his trial counsel provided ineffective assistance. Doc. 8. The Government filed a response, arguing that the petition is untimely and, alternatively, fails on the merits. Doc. 23. Drumm filed a reply. Doc. 25

## II.   FEDERAL HABEAS CORPUS PROCEEDINGS

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. When reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Federal habeas corpus relief for state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of Section 2254(d) provide that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *see Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). As a

condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. *Harrington v. Richter*, 562 U.S. 86,102-03 (2011). A petitioner must show there was no reasonable basis for the state court to deny relief. *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5thCir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

A state court's factual findings "shall be presumed to be correct" unless petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness also applies to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001).

### III.     EFFECT OF GUILTY PLEA

Drumm pleaded guilty pursuant to a plea agreement. A guilty plea generally waives constitutional deprivations occurring prior to the plea, *Haring v. Prosise*, 462 U.S. 306, 319–20 (1983). Moreover, a knowing and voluntary guilty plea waives all nonjurisdictional defects that

3

occurred prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir.1992). This waiver includes all claims of ineffective assistance of counsel, except those relating to the defendant's entry of a guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983).

Although transcripts of Drumm's plea hearing are not available, the Court notes the TCCA's finding that Drumm "has not been denied any rights guaranteed him by the Constitution of the United States . . . and that he "is lawfully restrained and confined by [the state of Texas.]." Doc. 24-41 at 11, Doc. 24-42 at 11, Doc. 24-43 at 11. Thus, "'the precise question . . . is whether the [state] court's ultimate conclusion . . . is objectively unreasonable.'" *Pondexter*, 346 F.3d at 148-49 (quoting *Neal v. Puckett*, 286 F.3d 230, 246); *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning.").

A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). Drumm does not argue that his plea was unknowing or involuntary, and the record does not support such a conclusion. *See* Doc. 8 at 9-11.

A review of the record reveals that Drumm signed a "Judicial Confession[]" and other guilty plea papers that included the "Court's Admonishments to Defendant" and "Defendant's Statements and Waivers," Doc. 24-1 at 106-10, Doc. 24-26 at 109-13, Doc. 24-38 at 115-119. In these documents, Drumm acknowledged his rights, was informed of the applicable range of punishment, and affirmed:

4

> [defense counsel] explained to me and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

Doc. 24-1 at 109, Doc. 24-26 at 112, Doc. 24-38 at 118. "Official documents—such as a written plea agreement—are 'entitled to a presumption of regularity and are accorded great evidentiary weight.'" *United States v. McDaniel*, 907 F.3d 366, 371 (5th Cir. 2018) (quoting *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Consequently, the Court finds that Drumm's guilty pleas were knowing and voluntary and, thus, waives all of his pre-plea ineffective assistance of counsel claims except those that relate to the entry of his guilty pleas. *Tollett,* 411 U.S. at 267*; Smith*, 711 F.2d at 682.

## IV.    INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Drumm alleges his counsel provided ineffective assistance by: (1) failing to have his mental health assessed or investigated prior to pleading guilty; (2) failing to advise him on defense strategies; (3) failing to interview Rebecca Chapman regarding as possible strategy of self-defense; (4) failing to investigate whether the complainants were armed and had previously threatened Drumm; and (5) failing to request a presentence investigation, Doc. 8 at 9-11. Because Drumm's knowing and voluntary guilty plea waived all nonjurisdictional deprivations that occurred prior to the plea, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984), three of the five claims are waived: Drumm's IAC claims regarding failure provide defense strategies, failure to interview witness Rebecca Chapman, and failure to investigate the complainants, all claim nonjurisdictional defects. Thus remain only two grounds that are arguably related to the voluntariness of Drumm's guilty plea:

5

counsel's alleged failure to have Drumm's mental health assessed or investigated prior to his guilty plea, and counsel's alleged failure to request a presentence investigation.

### A. Applicable Law

To establish ineffective assistance of trial counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 688. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that "under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689.

Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U. S. at 694. Petitioner must "affirmatively prove, not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* at 691. Additionally, "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. In the context of a guilty plea, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In addition, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance, [under *Strickland v. Washington*, 466 U.S. 668, 689 (1984)], through the 'deferential lens of §

2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted).  In light of the deference accorded by Section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101.

### B.  Mental Health Evaluation/Investigation Claim

In support of his claim that counsel failed to adequately investigate or assess his mental health prior to pleading guilty, Drumm provides copies of previous mental health evaluations. Doc. 8 at 15-35.  However, Drumm failed to present these documents to the state habeas court in his state application for writ of habeas corpus.  *See* Doc. 24-1 at 6-38, Doc. 24-26 at 6-38, Doc. 24-38 at 6-38.  "A habeas petitioner fails to exhaust state remedies 'when he presents material additional evidentiary support to the federal court that was not presented to the state court.'" *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003) (quoting *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996).  The inclusion of medical records "presents 'significant evidentiary support' not previously presented to the state court supporting his ineffective assistance claim." *See id*. (quoting *Graham*, 94 F.3d at 969).  As it stands, Drumm could not go back to state court and provide these missing documents because the TCCA would refuse to review the merits on any new claim based on the existence of an independent and adequate state procedural bar.  *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (barring successive state habeas applications absent a showing of cause or actual innocence).  Thus, Drumm's claim, to the extent that it includes the medical records, is defaulted.

That notwithstanding, the medical records do not demonstrate that Drumm's counsel was ineffective.  In the mental health context, the Fifth Circuit has "held on a number of occasions that a criminal defense attorney has a duty to investigate a client's medical history when it becomes clear that the client is suffering from mental difficulties rendering him insane or

incompetent to stand trial." *Miller v. Drekte*, 420 F.3d 356, 364 (5th Cir. 2005). Nothing in the medical records Drumm has provided demonstrates that he was suffering from mental difficulties rendering him insane or incompetent to stand trial. Moreover, many of the records Drumm provides from the years 2011 and 2012—some two to three years prior to his guilty plea. Doc. 8 at 24-26. On this record, Drumm cannot demonstrate that his counsel was ineffective for not investigating or assessing his mental health prior to pleading guilty. *See Miller*, 420 F.3d at 364.

Furthermore, Drumm's attorney supplied an affidavit in the state habeas proceedings. Regarding Drumm's mental state, the attorney averred, "[b]ased on my conversations with applicant, I believed he had rational, as well as a factual understanding of the offenses, and he was able to assist me in preparing a defense in his cases." Doc. 24-41 at 15, Doc. 24-42 at 15, Doc. 24-43 at 15.

Upon review, the state habeas court held:

> 5. The applicant claims that counsel was ineffective for failing to investigate his mental health history. The applicant has offered no evidence to support the claim that his mental health history was a factor in the offense or in his competency to stand trial. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). In her affidavit counsel indicates that the applicant had a full understanding of the offenses and was able to assist in the preparation of a defense in this case. The court would add that they applicant has no difficulty in communicating with the court as in evidenced with his history of pro-se pleadings and letters during the trial and in these post-conviction proceedings. The applicant has the burden of proof in a writ of habeas corpus. *Ex parte Alexander*, 598 S.W.2d 308 (Tex. Crim. App. 1980). The applicant has failed to meet that burden. This allegation is without merit.

Doc. 24-41 at 10; Doc. 24-42 at 10, Doc. 24-43 at 10. As explained previously, the state court's factual findings are entitled to the presumption of correctness, and Drumm has not rebutted them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

8

In sum, Drumm fails to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98. Accordingly, Drumm's claim of ineffective assistance of counsel should be denied.

### C. Failure to Request a Presentence Investigation Claim

Drumm's sole remaining claim is that his counsel was deficient in failing to request a presentence investigation. However, Drumm wholly fails to demonstrate how he was prejudiced by the counsel's failure. Seemingly restating the previously discussed claim, Drumm simply asserts that, "the prejudice in this case remains counsel's failure to investigate fully her client's mental health at the time of the crime and to timely have him examined by a professional." Doc. 11 at 12. This singular statement does not address the need for a presentence report, much less show a reasonable probability that, but for his counsel's alleged errors, the result of the proceeding would have been different.

Moreover, in addressing the issue, the state habeas court stated:

6. The applicant claims counsel was ineffective for failing to have a presentence report made in this case. The offense charged in this case included the allegation of the use of a deadly weapon therefore he was not entitled to a probated sentence or a pre-sentence report. Tex. Code Crim. Proc. art 42.12 §3g (2). This allegation is without merit.

Doc. 24-41 at 10; Doc. 24-42 at 10, Doc. 24-43 at 10. Drumm fails to demonstrate that the state court decision was improper. *Williams*, 529 U.S. at 402-03 (2000). He also fails to show there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98. Accordingly, Drumm's claim of ineffective assistance of counsel should be denied.

9

### D.  Waived Nonjurisdictional Claims Also Lack Merit

Finally, even if the Court were to address the three IAC claims waived by Drumm's knowing and voluntary guilty pleas, they would fail to warrant the grant of relief.  In his Section 2254 petition and memorandum in support of his petition, Drumm simply reasserts the claims he made in his state habeas petition that his counsel failed to: (1) advise him of the defenses of "apparent danger" and self-defense; (2) investigate and interview witness Rebecca Chapman; and (3) investigate whether the complainants were armed and had made previous threats to Drumm.  *See* Doc. 8, Doc. 11.  However, the record, specifically the counsel's affidavit, belies Drumm's charges.  Counsel averred:

> My name is Stephanie Hudson.  I am an attorney licensed to practice law in the State of Texas and have been since 1999.  I have practiced criminal law since that time and have tried numerous criminal cases to juries and to the bench.  I was appointed to represent Logan Drumm (herein referred to as Applicant) on or about October 9, 2014.
>
> Having been ordered by the Court to respond to Applicant's claims of ineffective assistance, I submit the following affidavit pursuant to the authorization provided by the Texas Rules of Disciplinary Conduct.
>
> ***
>
> 4.  Over the course of my representation of applicant, I met with applicant on numerous occasion[s] via video conferencing and in person in the court's holding cell;
>
> 5.  I conducted a thorough review of all discovery materials in the case and was given access to the prosecutor's file; these materials included:
>
>> a.  Offense reports;
>> b.  Witness statements;
>> c.  Two separate interviews of applicant;
>> d.  Video recordings of witnesses;
>> e.  Recordings of phone calls made by applicant while in jail;
>> f.  An autopsy report;
>> g.  Medical records;
>> h.  Jail incident reports;
>> 1.  Photographs and diagrams of the offense location;

       J. Ballistics reports;
       k. Facebook records;
       l. Witness lists;

6. I independently interviewed two of the State's witnesses - Jimmy Cox and Rebecca Chapman;

                           ***

8. I conducted thorough legal research on the issue of self-defense and discussed this issue at length with applicant.

Doc. 24-41 at 13-15, Doc. 24-42 at 13-15, Doc. 24-43 at 13-15.

Upon review the state habeas court held:

1. The allegations in this writ involve claims of ineffective assistance of counsel. In order to prepare the findings in this case the court asked for and received an affidavit from trial counsel, Stephanie Hudson. The court finds the affidavit to be true and correct. A copy of the affidavit is attached to these findings.

2. In order to understand the allegations of ineffective assistance of counsel, a brief recitation of the facts is necessary [footnote omitted]. The applicant shot at the two complaining witnesses after accusing them of stealing his property. The applicant briefly lived with the daughter of one of the eyewitnesses and after being kicked out of the trailer, he returned and complained of the theft. The two men he accused, who denied the theft, were returning to the trailer when the applicant burst out of the door and shot at the men, killing one of them. The shooting was witnessed by a number of people and at the time of the shooting, one of the men identified the applicant as the shooter. A recorded phone call made by the applicant in jail after his arrest disclosed of the location of the gun used in the offense. It was near the location of the offense.

3. In his first allegation the applicant claims counsel was ineffective for failing to advise him of the defense of apparent danger and self-defense involving multiple assailants. It should first be noted that the victims in this case were exiting their car and approaching the trailer home of a friend. They had no weapons and were not threatening in anyway. The court finds that there was no evidence that would support a self-defense theory. In her affidavit counsel indicates she did research the issue of self-defense and discussed it with the applicant. The court finds that counsel was not ineffective for failing to present self-defense claims when they were not supported by the facts of the case. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). The applicant has the burden of proof in a writ of habeas corpus. *Ex parte*

11

> *Alexander*, 598 S.W.2d 308 (Tex. Crim. App. 1980). The applicant has failed to meet that burden. This allegation is without merit.
>
> 4. The applicant claims that counsel was ineffective for failing to investigate and interview potential witnesses in this case. Counsel has indicated in her affidavit that she did interview witnesses in this case. The applicant has not shown this court that an interview with his girlfriend, Rebecca Chapman, who was not present at the time of the shooting and had a history of drug abuse, would have changed the outcome of the proceeding. The applicant has not met the burden of proof in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). The applicant has the burden of proof in a writ of habeas corpus. *Ex parte Alexander*, 598 S.W.2d 308 (Tex. Crim. App. 1980). The applicant has failed to meet that burden. This allegation is without merit.
>
> \*\*\*
>
> 7. The applicant claims that counsel was ineffective for failing to investigate the victim in this case. The applicant claims that the victim had a shotgun in his possession. The facts of the case as presented in the police report do not support the theory that one of the shot men had a weapon when shot by the applicant. Further, the fact that the applicant exited the trailer and started shooting indicates that he had no time to determine if either of the men had guns. The applicant has not shown this court that additional investigation of the complaining witness would have changed the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). The applicant has the burden of proof in a writ of habeas corpus. *Ex parte Alexander*, 598 S. W.2d 308 (Tex. Crim. App. 1980). The applicant has failed to meet that burden. This allegation is without merit.

Doc. 24-41 at 7-11; Doc. 24-42 at 7-11, Doc. 24-43 at 7-11.

Again, the state court's factual findings, including its credibility determinations, are entitled to a presumption of correctness, 28 U.S .C. § 2254(e)(1), and Drumm has failed to produce clear and convincing evidence to rebut the same. *Fields v. Thaler*, 588 F.3d 270, 278 (5th Cir. 2009). As previously noted, Drumm simply regurgitates the arguments presented in his state habeas petition. With nothing more, Drumm wholly fails to demonstrate the state court decision was improper. *Williams*, 529 U.S. at 402-03 (2000). He also fails to show there was no

12

reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98. Thus, in the alternative, Drumm's waived claims of ineffective assistance of counsel fail on the merits.

## V. EVIDENTIARY HEARING

Finally, Drumm requests an evidentiary hearing "to resolve" a number of issues he raised in his state habeas application as well as the present 2254 petition. Doc. 11 at 2. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181; *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same as to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, Drumm only alleges non-defaulted claims under section 2254(d)(1) that were adjudicated on the merits in state court. As such, he cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court and is not entitled to an evidentiary hearing.

## VI. CONCLUSION

For the foregoing reasons, Drumm's petition for writ of habeas corpus should be **DENIED**, and this case be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 13, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

13

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).